UNITED STATES DISTRCIT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

WALLACE E. BUTLER,

                Plaintiff,                              DECISION AND ORDER

                                                                  Case No. 21-CV-06316-FPG

v.

K.A. COUNTERMINE,

                Defendant.

───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Wallace E. Butler brought this 42 U.S.C. § 1983 action against Defendant on April 14, 2021. ECF No. 1. On June 28, 2022, after approximately one year of filings and discovery, Defendant filed a motion to dismiss for failure to comply with discovery and failure prosecute the cause of action. ECF No. 32. The Court issued a scheduling order on June 29, 2022, directing Plaintiff to submit materials in opposition to Defendant's motion to dismiss by July 26, 2022. ECF No. 32. The scheduling order advised Plaintiff that "failure to comply with [the] order may result in dismissal of the [cause of action] with prejudice pursuant to Fed. R. Civ. P. 41(b)." *Id*. A copy of the scheduling order and NEF were mailed to Plaintiff at his last known address. *Id*.

On August 5, 2022, more than one month after the Court issued the scheduling order, Plaintiff requested an extension of time to respond to Defendant's motion to dismiss because, *inter alia*, he had "been recently evicted" from his mailing address and offered to "forward the necessary documents to validate [his] claims." *See* ECF No. 33. The same day, the Court issued a Text

Order, which was emailed to Plaintiff, requiring Plaintiff to "submit (1) an updated mailing address [in accordance with Local Rule of Civil Procedure 5.2(d)[1]] and (2) documents validating his claims [of eviction], by August 19, 2022." ECF No. 34. Plaintiff has yet to submit either to the Court.

On August 26, approximately one week after the Court's issuance of the above Text Order, the Court issued an Order to Show Cause pursuant to Fed. R. Civ. P. 41(b) because Plaintiff failed to respond to Defendant's motion to dismiss and the Court's Text Order. ECF No. 35. The Court ordered Plaintiff to demonstrate, in writing and before September 9, 2022, why this cause of action should not be dismissed for failure to comply with court orders and/or failure to prosecute. ECF No. 35. Plaintiff was advised that failure to comply with the order may result in the "dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b) and Loc. R. Civ P. 41(b)." *Id*. The Order to Show Cause was emailed to Plaintiff and received no response.

For the reasons set forth more fully below, Plaintiff's complaint accordingly is DISMISSED WITH PREJUDICE.

## DISCUSSION

### I.    Failure to Prosecute

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. *Lucas v. Miles,* 84 F.3d 532, 534-35 (2d Cir. 1996). The district court's discretion to dismiss a case under Rule 41(b) for failure to prosecute is not limitless, and the record must be reviewed as a whole. *Link v. Wabash R. Co*., 370 U.S. at 626, 630 (1962); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209-10 (2d Cir. 2001).

---

[1] The District's Local Rules require a party appearing *pro se* to furnish the Court with a current address at which papers may be served on the litigant. Loc. R. Civ. P. 5.2(d). Failure to provide such an address is cause for dismissal.

2

Although not specifically defined in Rule 41(b), a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  In addition, Local Rule of Civil Procedure 41(b), states that a judge may issue an order dismissing a civil case if it is pending for more than six months and noncompliant with the judge's directions, or if no action has been taken by the parties for more than six months.  Loc. R. Civ. P. 41(b).

When considering a Rule 41(b) dismissal, the district court must analyze the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535.  No factor is dispositive, and the Court must consider the record as a whole. *Vail v. City of New York*, No. 18-CV-9169 (JPO), 2021 U.S. Dist. LEXIS 96175, at *3-4 (S.D.N.Y. May 20, 2021).

Where a plaintiff is proceeding *pro se*, he or she "'should be granted special leniency" and his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209.  However, *pro se* litigants have an obligation to comply with a court's orders, and if they fail to do so, "they, like all litigants, must suffer the consequences of their actions." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 U.S. Dist. LEXIS 9791, at **1, 8 (S.D.N.Y. July 14. 2000).

The Court now considers the five factors that determine whether a Rule 41(b) dismissal for failure to prosecute is warranted.

3

### A.     Delay

Courts may dismiss an action for failure to prosecute when the delays are either repeated or of a long duration. *Graham v. Sullivan*, No. 86 Civ. 0163 (WK), 1999 U.S. Dist. LEXIS 17172, at *5 (S.D.N.Y. Nov. 5, 1999). However, a short delay in litigation may still result in a proper dismissal if the plaintiff has engaged in a pattern of intransigence such as continuously failing to comply with court orders relating to discovery. *Graham*, 1999 U.S. Dist. LEXIS 171272, at *6. In this Circuit, courts have previously dismissed cases pursuant to Rule 41(b) when the plaintiff's delay has fallen within the range of six months to twenty-one months. *Bentham v. City of New York,* No. 99-CV-8287 (NGG)(JMA), 2003 U.S. Dist. LEXIS 26761, at *6 (E.D.N.Y. Dec. 23, 2003) (collecting cases); *see also Peters-Turnbull v. Board of Educ. of City of New York,* No. 96-CV-4914, 1999 U.S. Dist. LEXIS 16079, at *8 (S.D.N.Y. Oct. 20, 1999) (holding that a delay between five and ten months was "comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.").

Here, Plaintiff's pattern of inaction began in April 2022, approximately six months ago. On April 18, 2022, Plaintiff was noticed for a deposition to be held on May 17, 2022, and was emailed the notice. *See* ECF Nos. 28, 29, 30. Plaintiff failed to appear for the deposition or communicate with the Court or Defendant about the deposition. ECF No. 31. Accordingly, on June 28, 2022, Defendant filed the above referenced motion to dismiss, which Plaintiff was directed to respond to by July 26, 2022. *Id*; ECF No. 32. Since the filing of Defendant's motion to dismiss, Plaintiff has been silent except for one email Plaintiff sent to the Court on August 5, 2022, in which Plaintiff claimed he was unable to access "[c]ourt related documents" and offered to "forward the necessary documents to validate [his] claims." ECF No. 33.

As discussed, the Court directed Plaintiff the same day to submit an updated mailing address and proof of his claims by August 19, 2022. Plaintiff did not comply with that deadline. Accordingly, the Court issued its Order to Show Cause on August 26, 2022, one week later, in which Plaintiff was directed to show cause by September 9, 2022. Plaintiff did not comply with this deadline. Over one month has elapsed since that deadline and Plaintiff has not yet contacted the Court or opposing counsel. Plaintiff has, in sum, failed to comply with three Court-ordered deadlines in this case since his failure to appear for the above referenced deposition.

Because Plaintiff has taken no substantive action in this case since April 2022, approximately six months ago, and failed to adhere to three Court-ordered deadlines since the first of the three was issued on July 26, 2022, approximately three months ago, the Court finds this factor favors dismissal. Plaintiff has displayed a "pattern of intransigence" by failing to comply with court orders. *Graham*, 1999 U.S. Dist. LEXIS 171272, at *6.

**B. Notice**

A *pro se* plaintiff must be on notice that failure to respond may result in dismissal. *Lucas*, 84 F.3d at 535; *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d. Cir. 2014) (summary order). Here, Plaintiff received three notices that failure to comply with court orders may result in dismissal of his action.

On June 29, 2022, Plaintiff was advised that a failure to respond to Defendant's motion to dismiss by July 26, 2022 may result in "dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b)." ECF No. 32. More than one week after the deadline passed, Plaintiff contacted the Court, stated that his address had changed, and requested an extension. In response, the Court issued a second deadline.

On August 5, 2022, Plaintiff was directed, *inter alia*, to submit an updated mailing address by August 19, 2022 and advised that his failure to do so may result in dismissal of the action with prejudice. Plaintiff was noticed via email. As discussed, Plaintiff did not respond.

On August 26, 2022, Plaintiff was directed to show cause as to why his action should not be dismissed for failure to comply with court orders by September 9, 2022 and advised that failure to do so may result in "dismissal of [the] action with prejudice pursuant to Fed R. Civ. P. his 41(b)." ECF No. 35. Plaintiff was noticed via email.

In sum, because Plaintiff received three notices that failure to comply with court orders may result in dismissal of his case with prejudice, and did not comply with any such orders, the Court finds this factor favors dismissal.

### C. Prejudice

Prejudice to a defendant resulting from unreasonable delay may be presumed as a matter of law when a plaintiff fails to respond to discovery demands, comply with court orders, or provide information that may be crucial to defendant's defense of the actions. *See Drake,* 375 F.3d at 256; *Lyell*, 682 F.2d at 43; *Coss* 171 F.R.D. at 71-72.

Here, the presumes prejudice to Defendant due to Plaintiff's delay given that Plaintiff failed to (i) appear for a scheduled deposition, (ii) respond to Defendant's motion to dismiss, (iii) comply with three court orders, and (iv) make any substantive progress with his case for over six months. The Court accordingly finds this factor weighs in favor of dismissal.

### D. Docket Balance

Courts "must strike a balance between alleviating the congestion of its calendar and protecting [plaintiff's] right to due process and his chance to be heard." *Coss*, 171 F.R.D. at 72. Plaintiff's delay and lack of compliance in this case are significant, but this case has been pending

since only 2021 and has not significantly burdened this Court's calendar to date. This factor accordingly is neutral.

### E. Sanctions

Monetary sanctions are usually not appropriate for a *pro se* and/or in forma pauperis plaintiff. *Henderson v. Levy*, No. 15-CV-802-RJA-MJR, 2019 U.S. Dist. LEXIS 34211 at *12 (W.D.N.Y. March 1, 2019). Given that Plaintiff is *pro se* and proceeding *in forma pauperis* in this case, the Court finds that monetary sanctions would not be appropriate. In addition, based on the analysis above, the Court declines to provide a sanction less drastic than dismissal at this time.

### F. Weighing of the Factors

In sum, the factors weighing in favor of dismissal are delay, notice, and prejudice. The factors that are neutral or weigh against are the Court's docket balance and the possibility of sanctions. Because the balance of the factors weigh in favor of dismissal and weigh against the imposition of a less drastic sanction at this time, Defendant's motion to dismiss pursuant to Rule 41(b) and Rule 37 is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF No. 31, is GRANTED and Plaintiff's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: October 20, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York